[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 21, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17013
Non-Argument Calendar

_____

D. C. Docket No. 06-20791-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FERNANDO GIRALDO,
a.k.a. Limon,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 21, 2009)

Before BIRCH, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Fernando Giraldo appeals the district court's denial of his motion for a new

trial based on newly discovered evidence, filed pursuant to Fed.R.Crim.P. 33. First, Giraldo argues the district court abused its discretion when it denied his motion for a new trial. Specifically, Giraldo contends that he has satisfied the five elements necessary for a defendant to receive a new trial. Second, Giraldo argues he was denied due process because the government obtained his conviction using testimony it knew or should have known was false. Lastly, Giraldo argues that the district court abused its discretion when it did not conduct an evidentiary hearing on his motion for a new trial.

## I. New Trial

We "review a district court's denial of a motion for new trial for abuse of discretion." United States v. Campa, 459 F.3d 1121, 1151 (11th Cir. 2006) (en banc). Motions for new trials based on newly discovered evidence are "highly disfavored" and "should be granted only with great caution. Indeed, the defendant bears the burden of justifying a new trial." Id.

A new trial based on newly discovered evidence is warranted only if: "(1) the evidence was in fact discovered after trial; (2) the defendant exercised due care to discover the evidence; (3) the evidence was not merely cumulative or impeaching; (4) the evidence was material; and (5) the evidence was of such a nature that a new trial would probably produce a different result." United States v.

Thompson, 422 F.3d 1285, 1294 (11th Cir. 2005) (quotation omitted). "The failure to satisfy any one of these elements is fatal to a motion for a new trial." Id. (quotation omitted).

Giraldo has not established that his co-defendant's post-trial statement was newly discovered evidence, was not merely impeaching, was material, or was likely to produce a different outcome at trial. First, Palacios-Beltran's statement does not qualify as newly discovered evidence. As the district court noted in its denial, Giraldo was always aware of the extent of his relationship with Palacios-Beltran and Limon. In fact, Giraldo leveraged his defense on the theory that he was not Limon. Palacios-Beltran's statement does not provide any previously unknown information about Giraldo's role in the money laundering operation.

Second, Palacios-Beltran's information would at most constitute impeachment testimony. On cross-examination, Marill opined that Limon was a code word used among the co-defendants. Palacios-Beltran's statement could potentially impeach Marill's opinion about the import of the word Limon, and perhaps cast some additional doubt on Manso's identification of Giraldo. However, mere impeachment testimony is not sufficient to warrant a new trial. See United States v. Pope, 132 F.3d 684, 687-88 (11th Cir. 1998).

3

Third, Palacios-Beltran's statement did not provide material evidence. Palacios-Beltran twice instructed Marill to meet with a money courier. On both occasions, Giraldo met with Marill, and accepted cash payments as arranged with Palacios-Beltran. These facts supported Giraldo's conviction, and Palacios-Beltran's statement does not disturb them. Although Palacios-Beltran's statement may have somewhat supported Giraldo's claim that he was uninvolved with the $600,000 Memorial Day transaction, it does not directly impeach Manso's testimony that Giraldo was involved in the transaction.

Fourth, a new trial would likely have the same result. Limon's identity was not the foundation of Giraldo's conviction. Rather, Giraldo was convicted because of the transactions he conducted with Marill. Because Palacios-Beltran's statement does not undermine the facts of those transactions, a new trial is not likely to result in Giraldo's acquittal. Likewise, Palacios-Beltran's statement is not likely to produce a different result at a new sentencing hearing. Although the statement tends to bolster somewhat Giraldo's claim that he was uninvolved with the $600,000 Memorial Day transfer, the effect is not enough to overcome Manso's testimony that Giraldo was involved in the transaction. Because failure to satisfy one of the elements is fatal to a motion for a new trial, the district court did not abuse its discretion when it denied Giraldo's motion. See Thompson, 422 F.3d at

4

1294.

## II. Due Process

Due process is denied and a new trial required when the government obtains a conviction using material evidence that it "knew, or should have known," was false. United States v. Agurs, 427 U.S. 97, 103, 96 S. Ct. 2392, 2397 (1976).

The district court did not err when it determined government witness Eddy Marill's testimony was not perjured. Giraldo has not shown how his co-defendant's statement proves that Marill perjured himself at trial. Moreover, Giraldo has made no substantial showing that the government knew or should have known that Marill was testifying falsely.

## III. Evidentiary Hearing

We review a district court's decision concerning whether to hold an evidentiary hearing for an abuse of discretion. United States v. Massey, 89 F.3d 1433, 1443 (11th Cir. 1996). When the resolution of a motion for new trial is clear, the district court is not required to hold an evidentiary hearing. United States v. Jernigan, 341 F.3d 1273, 1289 (11th Cir. 2003). Moreover, the district court's familiarity with a case can allow the court to rule on a motion for a new trial based

5

on new evidence without holding an evidentiary hearing.  See United States v. Schlei, 122 F.3d 944, 994 (11th Cir. 1997).

The district court did not abuse its discretion when it refused to conduct an evidentiary hearing on Giraldo's motion for a new trial.  Giraldo failed to demonstrate a need for the court to conduct an evidentiary hearing on the merits of his motion.  The record shows that Giraldo engaged in conduct sufficient to convict him on money laundering charges.  The fundamental facts supporting these convictions remained essentially undisturbed by his co-defendant's statement.

**AFFIRMED.**[1]

---

[1]     Girlado's request for oral argument is denied.